UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:
CHARLES VONZELL SCOTT                      CASE NO:    15-46594
MATTIE MAE SCOTT                           CHAPTER:    13
                                           JUDGE:      SHEFFERLY

           **Plaintiff(s)**    /
CHARLES VONZELL SCOTT
MATTIE MAE SCOTT
           **Plaintiff(s),**
v.                                         Adv Proc. No.
CREDIT UNION ONE


           **Defendant.**    /


**COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY**

    **NOW COME** Plaintiffs, by and through their attorneys, B.O.C. Law Group, P.C., and states the following complaint:

    1. Plaintiffs bring this complaint pursuant to 11 U.S.C. § 506(d), and submit(s) himself/herself/themselves to jurisdiction of this Court through Fed. R. Bankr. P. § 7001 and § 7004.

    2. Debtor(s) filed a Voluntary Chapter 13 with this court on or about April 27, 2015.

    3. That the Debtor holds two separate mortgages on their principal residence located at 30341 Cascade Court, Southfield, MI 48076 Legal Description: Lot 12, The Park at Oakland Hills Subdivision, as recorded in Liber 288, Pages 34 through 38 of Plats, Oakland County Records.

    4. That the first mortgage is held by Nationstar, which the principal amount owed is $280,000.00; recorded on May 31, 2005, Liber 35599, Page 429 through 440, Oakland County Records.

    5. The second mortgage is held by Credit Union One, in the amount of $30,000.00.

6. The property has a value of approximately $199,500.00, according to Debtor(s) Schedules, State Equalized Value and market analysis or appraisal of Debtor(s) home and of the homes in the near area.

7. That Defendant'(s ) junior lien is wholly unsecured because no equity exists from the value to debt ratio of the senior lien(s) and value of the subject property.

8. The subject property would have to be worth in excess of $287,764.25 for Defendant(s) to have any security interest.

9. The Debtor(s) is/are entitled to avoid the claimed security interest of Credit Union One in the amount of $12,543.00 in the Debtor'(s) property under the provisions of 11 U.S.C. §506(d), as this Defendant'(s) lien is not an "allowed secured claim" as defined by the Code and applicable case law.

10. Therefore, Defendant(s) does/do not have [a] valid lien(s) or security interest in Debtors' subject property and is, instead, a General Unsecured Creditor whose claim(s) will be paid as [a] Class 9 creditor pursuant to Debtor'(s) Chapter 13 Plan of reorganization.

11. The interests of good faith and justice support the requested relief.

**WHEREFORE,** Debtor(s) pray(s) this Honorable Court grant Debtor(s)' requested relief to Avoid Security Interest and Lien in the above referenced Property, or for such other relief as this Court deems equitable and just.

**Respectfully submitted,**

**Dated: May 21, 2015**          **/S/ William R. Orlow**
**William R. Orlow (P41634)**
**Attorney For Debtor(s)**
**24100 Woodward Avenue**
**Pleasant Ridge, Michigan 48069**
**Phone: 248-584-2100**
**bocecf@boclaw.com**